# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ERIC COIL, )
        Plaintiff, )
v. )
    ) No. 2:14-CV-04098-NKL
RIGHTCHOICE MANAGED CARE, )
INC., HEALTHY ALLIANCE LIFE )
INSURANCE CO., AND HMO )
MISSOURI, INC., )
        Defendants. )

## ORDER

The Defendants move for dismissal under Fed. R. Civ. Pro. 12(b)(6) on the basis that Plaintiff Eric Coil has pleaded only state-law causes of action and they are preempted by ERISA, 29 U.S.C. § 1132(a). [Doc. 6.] The motion is GRANTED IN PART.

**I.    Background**

Coil originally filed his suit in state court. [Doc. 1-1.] He pleaded that his wife had emergency medical treatment and died. [Doc. 1-1, p. 2.] He alleged that a medical insurance policy, provided by the Defendants, was in full force and effect on the dates services were rendered to his wife. [*Id*.] Initially, the Defendants processed claims for payment of his late wife's medical bills, but subsequently rescinded any payments made, and denied coverage. [*Id*.] Coil alleged he was entitled to payment of the claims under the policy, and pled causes of action for breach of contract and vexatious refusal to pay. [Doc. 1-1, p. 3.]

The Defendants removed the case to this Court. [Doc. 1.] With the notice of removal, they filed materials including an affidavit, indicating that the insurance was issued through an employer's health plan which provides medical insurance for its employees and dependents; and

a copy of the insurance plan's health certificate. [Doc. 1-2.] With their reply suggestions in support of their motion, the Defendants attach copies of materials relating to the group insurance policy, bearing Coil's wife's group plan number and covering the relevant time period. [Doc. 15-1.] More specifically, the plan materials show that the employer chose the plan for its employees [Doc. 1-2; Doc. 15-1, p. M-3]; Coil's wife's employer paid premiums [Doc. 15-1, p. 9; *see also* Doc. 10, p. 3]; the procedures for obtaining benefits are described in the plan [Doc. 1-2, pp. M-72—M-82]; and the employer established eligibility criteria under the plan and performed administrative duties in connection with the plan, including providing participants with claim forms, forwarding applications and other documents from employees or subscribers to the Defendants, passing information from the Defendants to plan participants, and notifying participants of termination of the plan [*e.g.,* Doc. 1-2, pp. M-59 and M-96; *see also* Doc. 15-1, pp. 3, 4, 7, 10 and 12].

## II. Discussion

The Defendants argue that Coil's state-law causes of action are preempted by ERISA and must therefore be dismissed under Fed. R. Civ. Pro. 12(b)(6). Coil acknowledges ERISA may apply, though he suggests that a safe harbor may exist. [Doc. 10, pp. 3-4.] He asks that, if the Court concludes ERISA does apply, he be permitted to amend rather than suffer dismissal at this early stage in the proceedings. [Doc. 10, pp. 2, 4.]

The purpose of a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is to test the legal sufficiency of the complaint. A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 127

S.Ct. 2197, 2200 (2007), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir.2008) (quoting *Twombly*, 127 S.Ct. at 1964-65 & n. 3). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Twombly*, 127 S.Ct. at 1964-65; Fed. R. Civ. Pro. 8(a)(2).

In addition to Coil's petition, or complaint, the Court may also consider the Defendants' plan materials in connection with their motion to dismiss, without converting the motion into one for summary judgment, because the plan is central to Coil's petition and its existence is alleged therein. *See Stahl v. United States Dep't of Agriculture*, 327 F .3d 697, 700-01 (8th Cir.2003).

ERISA defines an employee welfare benefit plan as

> any plan, fund, or program which…is…established or maintained by an employer…to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness….

29 U.S.C. § 1002(1). The elements of an employee welfare benefit plan are therefore: a plan, fund or program; established or maintained by an employer or employer organization, or both; for the purpose of providing health benefits to participants or their beneficiaries. *Id*.; *see also Johnston v. Paul Revere Life Ins. Co.,* 241 F.3d 623, 629 (8th Cir. 2001). All elements are present here.

A plan, fund, or program exists if, "from the surrounding circumstances a reasonable person could ascertain the intended benefits, the beneficiary, source of financing, and procedure for receiving benefits." *Johnston*, 241 F.3d at 629. Here, the intended benefits are medical care

under the insurance policy; Coil's wife was a participant or beneficiary; his wife's employer paid the premiums; and the plan describes the procedures for obtaining benefits.

The plan was established by an employer, as demonstrated by the employer's payment of premiums, *see Robinson v. Linomaz,* 58 F.3d 365, 369 (8th Cir. 1995) ("payment of insurance premiums, standing alone, is substantial evidence of the existence of an ERISA plan"), and the plan documents submitted by the Defendants. Finally, the purpose of the plan is to provide health benefits for participants or beneficiaries, as demonstrated by Coil's petition and the plan documents.

Coil suggests a safe harbor may exist that renders ERISA inapplicable, but concedes that the "provisions likely do not apply based upon the payment of premiums by [his] wife's employer[.]" [Doc. 10, p. 3.] A regulatory safe harbor establishes that employee welfare benefit plans shall not include plans where:

- No contribution is made by the employer;
- Employee participation is completely voluntary;
- The sole functions of the employer are to permit the insurer to publicize the program to employees and collect premiums through payroll deductions; and
- The employer receives no consideration in connection with the program.

29 C.F.R. § 2510.3-1(j). For the safe harbor to apply, all four requirements must exist. *Id.*; *see also Dam v. Life Ins. Co. of N. Am.,* 206 Fed. Appx. 626, 627 (8th Cir. 2006) ("requirements for safe harbor exception are strict; failure to meet one criterion rendered exception inapplicable"). Coil has failed to show that the safe harbor exception applies here. First, the pleadings show the employer paid the premiums. Second, the employer was responsible for administrative tasks such as providing participants with claim forms and plan documents and for daily administration of the plan. Therefore, at least two of the safe harbor requirements are not satisfied. *Andre-*

4

*Pearson v. Grand Valley Health Plan, Inc.,* 963 F.Supp. 2d 766, 776 (W.D. Mich. 2013); *Shaw v. Prudential Ins. Co. of Am.,* 2012 WL 432874 *6 (W.D. Mo. 2012).

Because the safe harbor exception does not apply, the medical insurance plan at issue is an employee welfare benefit plan within the meaning of ERISA. ERISA contains a comprehensive civil enforcement mechanism, 29 U.S.C. § 1132(a), which provides the exclusive remedies for enforcing the plan. *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004). *Hull v. Fallon*, 188 F.3d 939, 942 (8th Cir. 1999) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987)). As such, no other state remedies are available. *See Pilot Life,* 481 U.S. at 54 ("complete preemption…limits claims and remedies exclusively to those provided"). Coil cannot pursue his state law claims for breach of contract and vexatious refusal to pay because they are preempted by ERISA.

However, this proceeding is in an early stage. The Court will dismiss the state law remedies but will give Coil an opportunity to amend his complaint to more clearly allege any ERISA claim he might have.

**III. Summary**

Defendants' motion to dismiss [Doc. 6], is therefore GRANTED IN PART. Coil's state law claims are dismissed but Coil has 14 days from the date of this Order to file an amended complaint.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 23, 2014
Jefferson City, Missouri