IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ERIC COIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:14-CV-04098-NKL |
| RIGHTCHOICE MANAGED CARE, | ) |
| INC., HEALTHY ALLIANCE LIFE | ) |
| INSURANCE CO., AND HMO | ) |
| MISSOURI, INC., | ) |
| | ) |
| Defendants. | |

**ORDER**

The Defendants' motion to dismiss, Doc. 22, is denied without prejudice.

**I.  Background**

Plaintiff Eric Coil originally filed his suit in state court. He pled that his wife had emergency medical treatment and died, and that a medical insurance policy, provided by the Defendants, was in effect on the dates services were rendered to her. Coil alleges that the Defendants initially paid claims for his late wife's medical bills, but subsequently rescinded the payments and denied coverage. Coil filed suit in state court, pleading causes of action for breach of contract and vexatious refusal to pay. Doc. 1-1.

The Defendants removed the case to this Court and subsequently moved to dismiss the state-law claims as preempted by ERISA. Doc. 6. The Court concluded that the state-law claims were preempted, and granted the motion in part, but permitted Coil 14 days to amend his complaint to allege any ERISA claim he might have. Doc. 19.

Coil subsequently filed an amended complaint closely mirroring the original, with

the addition of a citation to ERISA. Doc. 20.

## II. Discussion

The Defendants argue that dismissal under Rule 12(b)(6) is appropriate because Coil lacks standing to bring the ERISA claim; the amended complaint still contains preempted state law claims; and Coil has failed to exhaust his remedies. They also argue that Coil's demand for a jury trial must be stricken because a jury trial is not available under ERISA.

Coil fails to plead facts demonstrating he has standing. ERISA provides, in relevant part:

> (a) Persons empowered to bring a civil action. A civil action may be brought—
>
> (1) By a participant or beneficiary—
>
> ***
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

11 U.S.C. § 1132. Under 11 U.S.C. § 1002:

> (7) The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit [and]
>
> (8) The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

2

The statutory scheme of ERISA is comprehensive and exclusive, and additional remedies beyond those explicitly provided are not read into it. *See Mass. Mutual Life Ins. Co. v. Russell,* 473 U.S. 134-, 146-48 (1985).

Coil does not plead, nor does he argue, that he is a plan participant or beneficiary. His claim is premised on the argument that he has a "legal responsibility to pay his wife's medical bills under" the laws of Utah and Wyoming, where his wife received medical treatment, and that he seeks recovery under the policy so that he can pay them. Doc. 24, pp. 2-3. Such responsibility does not establish standing under ERISA. *See Burton v. Blue Cross Blue Shield of Kansas City,* 2013 WL 6709570, *2 (D. Kan. Dec. 18, 2013). In *Burton*, the plaintiff sought to recover the costs of medical treatment incurred by his late wife, from her employer's benefit plan. *Id.* at *1. The plaintiff did not allege that the benefits were due to him. *Id.* at *2. Based on the language of 11 U.S.C. § 1132, the court held that he had no standing to bring the suit. *Id.*

The Defendants acknowledge in their reply brief that derivative standing has been recognized under § 1132, such as in cases involving an estate or trust seeking to enforce the beneficiary's rights to pre-death accrued health benefits, that is, seeking to step into the shoes of the deceased plan participant. Doc. 26, p. 6 (citing *Estate of Prince v. Aetna Life Ins. Co., BP,* 2008 WL 4327049, *3 (M.D. Fla. Sept. 18, 2008)). In his opposition to the motion to dismiss, Coil seeks leave to amend his complaint to allege standing under ERISA if the Court concludes there are insufficient allegations to establish ERISA standing. Therefore, the Court gives Coil ten days from the date of this Order to file an amended complaint, to show he has derivative standing under § 1132 to prove an ERISA

claim for his deceased wife's benefit. If he fails to do so, his complaint will be dismissed.

Coil revisits a state-law claim, vexatious refusal to pay, in his suggestions in opposition. He argues that regardless of ERISA, he can pursue a claim of vexatious refusal to pay based on the contract of insurance which contains a Missouri choice-of-law provision, and further provides: "The rights and remedies provided for herein are cumulative and are in addition to, and not exclusive of, any other rights or remedies available, by law or otherwise." Doc. 24, p. 7.

As noted in the Court's Order of June 23, 2014, Coil's state-law claims are preempted. Doc. 19, p. 5. The choice-of-law and other contract language on which Coil now relies do not change that disposition. "[P]arties may not contract to choose state law as the governing law of an ERISA-governed benefit plan." *Prudential Ins. Co. of Am. v. Doe,* 140 F.3d 785, 791 (8th Cir. 1998). A contractual choice-of-law provision pointing to a particular state's law addresses certain issues that ERISA does not, such as selection of a statute of limitations. *Pilger v. Sweeney,* 725 F.3d 922, 925-26 (8th Cir. 2013). And some state laws are saved from preemption because they regulate insurance. *Howard v. Coventry Health Care, Inc.,* 293 F.3d 442, 446-47 (8th Cir. 2002). But a vexatious refusal claim is not based on a law that can escape preemption. *In re. Life. Ins. Co. of N. Am.,* 857 F.2d 1190, 1194 (8th Cir. 1988). Coil's vexatious refusal claim is preempted and does not obviate the requirement that he show derivative standing under ERISA.

Because, as set out above, the Court will permit Coil to amend his complaint to show derivative standing, in the interest of economy the Court will address the

4

Defendants' two remaining arguments: that Coil was required to plead exhaustion of administrative remedies and that he has no right to a jury trial. Doc. 22, p. 2. Every ERISA-governed plan must provide a benefits appeal procedure, 29 U.S .C. § 1133(2), and timely exhaustion of the procedure is a prerequisite to a suit for wrongful denial. *Reindl v. Hartford Life and Accident Ins. Co.,* 705 F.3d 784, 787 (8th Cir. 2013). Exhaustion is excused "only when pursuing an administrative remedy would be futile or there is no administrative remedy to pursue." *Angevine v. Anheuser–Busch Cos. Pension Plan,* 646 F.3d 1034, 1037 (8th Cir. 2011). Dismissal is appropriate when a plaintiff fails to plead facts showing exhaustion of remedies under an ERISA-governed plan, or showing futility or unavailability of an administrative remedy. *Caprario v. Sodexo, Inc.,* 2014 WL 2637387, * 3 (W.D. Ark. June 13, 2014). *See also Angevine,* 646 F.3d at 1037 (plaintiff's allegations showed neither exhaustion nor futility; dismissal affirmed). Accordingly, Coil is required to plead facts showing exhaustion of remedies under the plan, or showing futility or unavailability of an administrative remedy.

Finally, there is no right to a jury trial of an ERISA claim. *Langlie v. Onan Corp.,* 192 F.3d 1137, 1141 (8th Cir. 1999); *Shaw v. Prudential Ins. Co. of Am.,* 2012 WL 432874, *6 (W.D. Mo. 2012).

As set out above, Coil is given ten days from the date of this Order to file an amended complaint. If he fails to do so, his complaint will be dismissed.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: September 25, 2014
Jefferson City, Missouri